UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Carrie A. Hess<br><br>     Plaintiff<br><br>vs.<br><br>Blatt, Hassenmiller, Keibsker & Moore, LLC, and John and Jane Does 1 – 10<br><br>     Defendants | CASE NO.<br><br>COMPLAINT<br>JURY TRIAL DEMAND<br><br>FILED<br>MARCH 28, 2008           YM<br>08CV1819<br>JUDGE HOLDERMAN<br>MAGISTRATE JUDGE NOLAN |

## COMPLAINT
### PRELIMINARY STATEMENT AND INTRODUCTION

1. This petition is an action for statutory and actual damages brought by an individual consumer Carrie A. Hess ("Plaintiff") against Blatt, Hassenmiller, Keibsker & Moore, LLC, and John and Jane Does 1 – 10 ("Defendants") for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* ("FDCPA"). This petition is also an action for statutory and actual damages under the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 *et seq.* and pursuant to the Uniform Deceptive Trade Practices Act, 815 ILCS 510 *et seq.* ("UDTPA") which are brought under the Court's pendent and supplemental jurisdiction. Plaintiff brings this action against the above named Defendants both jointly and severally based on their violations of said Acts.

### JURISDICTION / VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. Sec. 1692k(d) and 28 U.S.C. Sec's 1331 and 1337(a). Declaratory relief is available pursuant to 28 U.S.C. Sec's 2201.1 and 2202. The doctrine of pendent and supplemental jurisdiction is proper under 28 U.S.C. Sec. 1367.

3. Venue is proper in this District as Defendants transact business here and the communications as well as the conduct of Defendants upon which this complaint is based occurred here.

### PARTIES

1

2. The Plaintiff, Carrie A. Hess, is a natural person, and was at all times relevant hereto a resident and citizen of the State of Illinois. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a person as that term is defined under 815 ILCS 505 § 1(c).

3. Defendant Blatt, Hassenmiller, Keibsker & Moore, LLC is a law firm engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a corporation defined under 815 ILCS 510 § 1(5), engaged in the business of collecting debts in this State where Defendants regularly collect or attempt to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone. This Defendant may be served at its principal place of business located at 125 South Wacker Drive, Suite 400, Chicago, IL 60606.

4. Defendants, John and Jane Does 1 - 10 are all natural persons, corporations, parties, or enterprises employed by Defendants as debt collectors as that term is defined by 15 U.S.C. §1692a(6), and are involved in the instant matter. Said Defendants are currently unknown to Plaintiff. Said Defendants and entities will be joined as necessary parties upon further discovery of their true nature and liability once these facts are known and supported by competent evidence.

**FACTUAL ALLEGATIONS**

5. Sometime prior to 2004, Plaintiff incurred an alleged financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a Citibank credit card in the approximate amount of $23,307.49, which was allegedly used by Plaintiff to make personal purchases of food, clothing, and shelter-related items.

6. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

7. On or about February 27, 2007, Plaintiff sent a billing error notice as that term is defined under 15 U.S.C. § 1666(a) to the original creditor, disputing the alleged debt requesting clarification of transaction details and omitted material disclosures that affect the finance charge, penalty rate, and annual percentage rate on multiple periodic statements. See Exhibit A attached hereto and incorporated as if fully stated herein.

8. The original creditor never provided verification or validation of the alleged debt

2

or responded in any way to Plaintiff's billing error notice and dispute.

9. On or about January 24, 2007, Defendant **Blatt, Hassenmiller, Leibsker & Moore, LLC**, (hereinafter "BHKM"), caused to be sent to Plaintiff an initial communication in an attempt to collect this alleged debt in the form of a collection letter in violation of 15 U.S.C. Sec's 1692g, *et seq.* and 1692g(b). See Exhibit B attached hereto and incorporated as if fully stated herein.

10. In response to this collection letter, on or about February 24, 2007 and again on or about May 18, 2007, Plaintiff sent a notice disputing the alleged debt and demanding verification and validation of it under 15 U.S.C. § 1692 *et seq.*, (see Exhibit C & D attached hereto and incorporated as if fully stated herein).

11. Defendants **BHLM** failed to provide verification and validation of the alleged debt in violation of 15 U.S.C. Sec. 1692g, *et seq.*

12. Despite having disputed this debt in writing to the original creditor and the Defendants **BHLM** previously and the original creditor and the Defendants **BHLM** failing to provide verification and validation of the debt, Defendants **BHLM** subsequently filed a civil complaint in the name of an alleged creditor on or about August 23, 2007 seeking full payment in the amount of $23,307.49 in violation of 15 U.S.C. Sec's 1692g, *et seq.* and 1692g(b). See Exhibit E attached hereto and incorporated as if fully stated herein.

13. Defendants **BHLM** knew or should have known that their alleged client is unable to achieve standing, unable to produce competent evidence to support a claim, and unable to produce a written agreement with a bona fide signature of the Plaintiff.

14. Defendant's actions, omissions, misrepresentations, violations and inability to produce material disclosures and competent evidence of the alleged debt as alleged herein have constituted harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon the Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, humiliation which Plaintiff will in the future continue to suffer the same.

**SUMMARY**

15. The conduct of Defendants harassing Plaintiff in an effort to collect the alleged debt, constitutes violations of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(2), 1692e, 1692e(2), 1692f, and 1692g(b) amongst others, as well as an invasion of his privacy by an intrusion upon Plaintiff's seclusion.

## CAUSES OF ACTION
### FIRST CLAIM
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 *et seq.*

16. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 - 15 above as if fully stated herein.
17. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*
18. Defendants attempted to collect a consumer debt allegedly owed by Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes.
19. The foregoing acts and omissions were undertaken by the Defendants willfully, persistently, intentionally, knowingly, and discriminately as part of their routine debt collection business and/or in gross or reckless disregard of the rights of the Plaintiff.
20. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for a declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. § 1692k, Civil liability [Section 813 of Pub. Law].

### SECOND CLAIM
### VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT: 815 ILCS 505 *et seq.*

21. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 - 15

4

above as if generally and specifically stated herein.

22. The Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 et. seq. provides at section 2 that it is unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of trade or commerce within this state.

23. Debt collection is a service within the scope of "trade and commerce" as that term is defined under 815 ILCS 505 § 1(f) and at issue in this case, generally this service affects commerce and trade in this state.

24. The conduct described in paragraphs 1 - 15 is specifically and generally unfair, deceptive, oppressive, unconscionable, and contrary to public policy and generally recognized standards applicable to responsible and lawful consumer credit protection practices.

25. Defendants unfair methods and deceit make them liable to Plaintiff under 815 ILCS 505 § 2F.

### THIRD CLAIM
### VIOLATIONS OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT:
### 815 ILCS 510 *et seq.*

26. Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 – 15 above as if generally and specifically stated herein.

27. The conduct described in paragraphs 1-15 above has caused actual confusion or actual misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Uniform Deceptive Trade Practices Act, 815 ILCS 510 *et seq.*

28. Said conduct is generally and specifically within the meaning of the Uniform Deceptive Trade Practices Act, 815 ILCS 510 *et seq.* and in the course of business that is prohibited, unfair, and deceptive.

29. The foregoing acts and omissions of the Defendants were undertaken by it willfully, persistently, intentionally, and knowingly as part of their routine debt collection business, and Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited

30. The conduct described in paragraphs 1 - 15 has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

31. Defendants' unfair and deceptive acts have proximately caused emotional and actual damage and Defendants are liable to the Plaintiff for such injury.

## PRAYER FOR RELIEF

32. Plaintiff repeats, re-alleges and incorporates by reference each paragraph 1- 31 above as if fully stated herein.
33. There exists a dispute over whether Defendants have violated the FDCPA, the UDTPA and the Consumer Fraud and Deceptive Business Practices Act.
34. Plaintiff is entitled to injunctive relief, a declaratory judgment and a determination that Defendants violated the FDCPA, the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505 *et seq.*, and the UDTPA, 815 ILCS 510 *et seq.*, and Plaintiff is similarly entitled to an order enjoining said acts.
35. As a result of Defendants actions, omissions, and violations, Plaintiff is entitled to statutory damages, actual damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.
36. Defendant's actions, omissions, and violations as alleged herein constituted the negligent and intentional infliction of mental and emotional distress upon the Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future continue to suffer the same.

## JURY DEMAND

37. Plaintiffs is entitled to and hereby demands that this cause be tried by a jury. U.S. Const. Amend. 7.Fed. R. Civ. Pro. 38.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against each and every Defendant by this Court for the following:

1. Injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in said conduct, and granting such additional equitable relief as may be appropriate
2. Award Plaintiff actual damages.
3. Award Plaintiff punitive damages.

4. Award Plaintiff federal and state statutory damages.
5. Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment to be determined at trial.
6. Award Plaintiff reasonable attorney's fees and costs of this litigation.
7. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully Submitted,

/s/ Richard J. Wasik
Richard J. Wasik
Attorney for Plaintiff

Dated:

Respectfully submitted,

_____

Rich J. Wasick
1304 W. Washington
1st Floor
Chicago, Illinois 60607
Phone: (312) 676-1885
Fax: (312) 676-1889

## VERIFICATION

I, Carrie A. Hess hereby certify that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

*Carrie A. Hess*
Carrie A. Hess

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing COMPLAINT; JURY TRIAL DEMAND and supporting documents and instruments were served to the clerk of the UNITED STATES DISTRICT COURT FOR THE NORTHERN DIVISION OF ILLINOIS and upon each of the parties or, when represented, upon their attorney of record, by fax, by personal delivery, or by depositing such copy enclosed in a postpaid envelope in an official depository under the exclusive care and custody of the United States Postal Service, CERTIFIED MAIL RETURN RECEIPT addressed as follows:

Blatt, Hassenmiller, Leibsker & Moore, LLC
125 South Wacker Drive
Suite 400
Chicago, IL 60606

I further affirm that the foregoing statements made by me are true to the best of my knowledge and belief and that if any are willfully false, I am subject to penalty.

/s/ Richard J. Wasik
Richard J. Wasik

# Exhibit A

**CERTIFIED MAIL RECEIPT #70032260000137448096**

Citi Bank
PO Box 803698
Chicago, IL 60580-8837

Feb. 27th, 2007

RE   NOTICE AND DEMAND FOR VALIDATION AND ADEQUATE ASSURANCE OF PERFORMANCE – Carrie A. Hess, ACCOUNT # 5424180688505574

Dear Sir/Madame:

I recently received your recent unsigned communication. Please regard this letter as a formal written Notice and Demand to Citi Bank for validation and adequate assurance of performance with respect to the above listed account.

In preparation for this Notice and Demand, I have conducted a full and complete investigation into this matter, and I am of the opinion that Citi Bank may be in breach of the terms and conditions of the Credit Card Agreement, by its failure to provide either adequate and valuable consideration, or full disclosure of the material terms and conditions of the alleged original agreement, including the nature and extent of any finance charges assessed on the above account. In addition, I have reason to believe that your company has failed to properly credit me for all revenues received by you related to this account. In the event that the application or other evidence of this account was monetized, securitized and/or sold, please provide me with certified copies of all underlying documentation regarding said transactions.

This Notice and Demand should not be perceived as a refusal to pay any valid debt. However, I have questions regarding the validity of the debt you are alleging in the attached billing statement, and in order to determine the validity of your presentment, and continue payment on the above-listed account, I will require certain information to confirm your claim in this matter. To that end, please forward the attached affidavit to the appropriate person in your organization for review and execution. Upon receipt of the signed, sworn affidavit, I will arrange for payments to resume on the above noted account. In the event that you are unable or unwilling to provide me adequate assurance of performance on this account, please send me a billing statement or other communication indicating a zero balance due on the account.

Please restrict all communications with me regarding this matter to writing, and understand that all communications, acts or omissions may be used in litigation, including the filing of grievances and the initiation of investigations at the Federal Trade Commission and other government bodies regarding your non-compliance with the Fair Credit Reporting Act, Fair and Accurate Credit Transaction Act of 2003, and other state and federal consumer protection laws. Your failure to respond to this Notice and Demand within thirty (30) days will be construed as a waiver of any and all claims regarding the above-listed account, and will act as a confirmation that no further action will be taken on your part with respect to the subject account. Please also take notice that during the pendency of this dispute, no further payments will be made on the account, and the account cannot be sold, assigned, forwarded or otherwise transferred for purposes of the collection of a debt.

Respectfully,

Carrie A. Hess

# A F F I D A V I T

The undersigned Affiant, being duly sworn on oath, and under penalties of perjury, deposes, states and certifies that he/she is authorized to collect the alleged Citi Bank account #5424180688505574 (hereinafter "alleged account"), and has the requisite knowledge of the facts related to the alleged Citi Bank promissory note/credit card agreement.

I hereby give assurance that the original creditor and financial institution involved with the alleged extension of credit or loan to the alleged customer Carrie A. Hess (hereinafter "alleged customer"), followed Generally Accepted Accounting Principles ("GAAP"), as required by law and as indicated by Citi Bank Certified Public Accountant ("CPA") audit reports, as well as regulatory compliance reports under the Sarbanes-Oxley Act of 2002.

I give further assurance that the original lender/financial institution involved with the alleged loan or funding of charges in the amount of the Promissory Note/Credit Card Agreement did not accept, receive or deposit any money, money equivalent, note, credit or capital from the alleged customer to fund a note, check or similar instrument that was used to originate, finance or fund the charges on the alleged credit card account or Promissory Note.

I give further assurance that all material facts regarding the alleged account have been disclosed in the original alleged Credit Card Agreement or Promissory Note.

I give further assurance that the original Credit Card Agreement or Promissory Note was not altered or forged in any way.

I give further assurance that proper identification processes were followed with respect to the alleged account according to the requirements of the U.S.A. Patriot Act, and I am able to furnish certified copies of all identification documentation from the alleged customer with respect to the alleged account.

I have personal knowledge of the facts and information in this affidavit, WHEREFORE I hereby declare under penalty of perjury under the laws of the state of _____IL_____ that this affidavit is true, correct and complete and if any statements are willfully false, I am subject to penalty.


_____
Signature of Affiant

STATE OF _____ )
                    )   JURAT
COUNTY OF _____ )


Subscribed and sworn to before me a notary public this ___ of _____ 2007.


_____
Signature of Notary

# Exhibit B

Law Offices
## Blatt, Hasenmiller, Leibsker & Moore LLC
125 South Wacker Dr. • Suite 400 • Chicago, Illinois 60606-4440
Phone 312/704-9440 • Outside Illinois 800/357-9609
Fax 312/704-9430

Ira F. Leibsker •
Leon W. Moore •
Kenneth R. Wake • • ○

Frank A. Janello •
Traci E. Gomien ○
David M. Greenbaum •
Marialna C. Strunk •
Gregory R. Dye • ○
Brian D. Maynard •
Kllment P. Mlreski • ○
Mark J. Johnson •
Jacquelyn T. Vengal •
Jennifer M. Brown ▲
Jason M. Shulman •
Laura A. Willett •

Licensed in:
IL •, IN ○,
MI •, OH ○,
AZ ▲

CARRIE A HESS      1889386      01-24-07
1004 5TH AVE
FULTON IL 61252-1269

Reference #: 1889386
Creditor:    CITIBANK (SOUTH DAKOTA) N.A.
Original Creditor:
Type:        MASTERCARD
Account #:    5424180688505574
Amount Due:   $ 23307.49
Debtor:      CARRIE A HESS

Please be advised that this firm represents the above named creditor. Your account has been referred to this office for collection of the Amount Due shown above.

Demand is hereby made upon you for payment of the Amount Due. If you cannot make remittance of the total Amount Due, but wish to make partial payment and discuss payment terms, call this office at (866) 269-9861 with your proposal. You are hereby advised that this is an attempt to collect a debt, and that this firm is acting pursuant to the Fair Debt Collection Practice Act, 15 U.S.C.A., Sec. 1692 et seq.; any information obtained will be used for this purpose.

If you do not dispute the validity of this debt, or any portion thereof, within 30 days of receipt of this letter, we will assume it is valid. If you do dispute the validity of this debt, or any portion thereof, please notify us in writing, within 30 days of receipt of this letter and we will mail verification of the debt, or a copy of a judgment, if applicable, to you. We will also provide you with the name and address of the original creditor, if different from the current Creditor, if you request the same from us, in writing, within 30 days of receipt of this letter.

Thank You,

Blatt, Hasenmiller, Leibsker & Moore LLC

         PLEASE INCLUDE YOUR REFERENCE # ON YOUR PAYMENT

BLD1A(07/94)AD1

# Exhibit C

Blatt, Hasenmiller, Leibsker & Moore, LLC
125 South Wacker Drive
Suite 400
Chicago, IL 60606-4440

Feb, 24th. 2007

## NOTICE OF DISPUTE

Re: Inquiry: PORTFOLIO ACQUISITIONS, LLC--DIRECT MERCHANTS CREDIT CARD BANK account no. 5424180688505574

Dear Sir/Madame:

   I am in receipt of your letter demanding payment on the above referenced account.
   I dispute this debt and refuse to pay it.

   Further, I never entered into an agreement to arbitrate any disputes on this account.


Respectfully,


Carrie A. Hess

# Exhibit D

Blatt Hasenmiller, Heibsker, and Moore

125 So. Wacker Dr. Suite 400
Chicago IL. 60606-4440

May 18th 2007

## NOTICE OF DISPUTE

**Re: Inquiry: Citi Bank, Blatt, Hasenmiller, Leibsker, & Moore account number 5424180688505574**

Dear Sir/Madame:

    I am in receipt of your letter demanding payment on the above referenced account.

    I dispute this debt and refuse to pay it.

Respectfully,

Carrie Hess

# Exhibit E

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT**
**WHITESIDE COUNTY, ILLINOIS**

| | |
|---|---|
| CITIBANK (SOUTH DAKOTA) N.A.<br>Plaintiff,<br>v.<br><br>CARRIE A HESS<br><br>1004 5TH AVE<br>FULTON IL 61252-1269<br><br><br><br>Defendant. | Case No.:<br>Amount Claimed: $23307.49 + Costs |

**COMPLAINT**

The plaintiff claims as follows:

1. Plaintiff is a corporation authorized to do business in the State of Illinois and the defendant, CARRIE A HESS, is a resident of WHITESIDE County, Illinois.

2. The defendant, CARRIE A HESS, opened a charge account with CITIBANK promising to make monthly payments as specified in the Charge Agreement, for purchases charged to the account.

3. The defendant did make purchases and charged same to the account, but the defendant failed to make the monthly payments due on the account. There is an account stated in the sum of $23307.49 (See Plaintiff's Exhibit 1).

4. The plaintiff has declared the defendant to be in default and demands payment of the $23307.49 balance.

**WHEREFORE**, the plaintiff, prays for judgment against the defendant, CARRIE A HESS, in the amount of $23307.49 plus costs.

CITIBANK (SOUTH DAKOTA) N.A.

_____
Attorney for Plaintiff

Blatt, Hasenmiller, Leibsker and Moore, LLC
**Attorney for Plaintiff**
211 Landmark Dr., Ste. E-5
Normal, Illinois 61761-6165
(309) 268-4100

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR**

PKTCOMPI